Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Stephen Ralph Sheets, Appellee.

Argued November 16, 1979, before Judges ROGERS, BLATT and MacPHAIL, sitting as a panel of three.

*Harold H. Cramer*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General and *Gerald Gornish*, Acting Attorney General, for appellant.

OPINION BY JUDGE ROGERS, February 1, 1980:

The Commonwealth has appealed from an order of the Court of Common Pleas of Montgomery County which sustained Stephen Ralph Sheets' appeal from an order of the Department of Transportation suspending Sheets' operating privileges for 55 days. This is a point system case.

On *June 15, 1977*, Sheets was cited for speeding. He pleaded guilty to the offense and *three points* were assigned to his operators record pursuant to Section 619.1 of the Vehicle Code Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §619.1. These points properly continued on his record when the new Vehicle Code enacted June 17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq. became effective on July 1, 1977.

On *December 8, 1977*, Sheets was cited for passing a red light and was convicted of this offense by a District Justice on December 19, 1977. The District Justice duly reported this conviction to the Department pursuant to Pa. R. Crim. P. 69, whereupon *three more points* were assigned to his record as of December 8, 1977 as required by 75 Pa. C.S. §1535(a).

This accumulation of *six points* caused the Department of Transportation, pursuant to 75 Pa. C.S. §1538 (a), to require Sheets either to attend a driver im-

provement school or to undergo a special examination. On March 27, 1978, a date within six months from the conviction resulting in six points (see 75 Pa. C.S. §1535(c)), the Department notified Sheets that he must take the special examination. Sheets failed to take the examination. Sheets appealed the December 19, 1977 conviction to the Court of Common Pleas of Montgomery County pursuant to Pa. R. Crim. P. 67. The appeal was dismissed on April 20, 1978.

On *February 24, 1978,* Sheets was cited for speeding. He paid the fine and costs for this offense on March 7, 1978 and *five more points* were assigned to his record as of *February 24, 1978.*

The accumulation of *eleven points* on Sheets' record caused the Department, on June 8, 1978, to notify Sheets that his operator's privileges were suspended for 55 days as required by 75 Pa. C.S. §1539(a). It was from this action that he appealed to the court below which, in effectively setting aside the Department's order of suspension, reasoned, as we understand its order, that Sheets' appeal from the conviction by the District Justice of the December 5, 1977 offense somehow purged the conviction from the records at least pending disposition of the appeal. We find nothing in the statutes or Rules of Court which gives the appeal from a conviction by a District Justice of a summary offense under the Vehicle Code such effect. Section 619.1(b) of the former Vehicle Code of 1959, P.L. 58, 75 P.S. §619.1(b), provided for the assignment of points as of the *date of conviction* and an argument could conceivably have been made that an appeal from a conviction by a District Justice should be considered suspended until disposition of the appeal by the Court of Common Pleas and that points should not be assessed until the court acted. The new Vehicle Code at 75 Pa. C.S. §1535(a) makes any such contention now impossible because upon conviction

the points are to be assigned as of the *date of violation* and there is no provision of law requiring that the Department be given, or take, notice of an appeal, much less that it should expunge points on account of an appeal. We are not here called upon to decide what the result would be if Sheets' appeal had been successful.

Sheets' records properly showed six points when in March he was told to take the special examination and it properly showed eleven points when in June his privileges were suspended.

Order reversed; the Department's notice of suspension reinstated.

### ORDER

AND Now, this 1st day of February, 1980, the order of the court below dated August 30, 1978 is reversed; and the order of the Department of Transportation dated June 8, 1978 suspending the appellee's operator's license is reinstated.

Judge DiSALLE did not participate in the decision in this case.