O<span style="font-variant:small-caps">RDER</span>

A<span style="font-variant:small-caps">ND</span> N<span style="font-variant:small-caps">OW</span>, this 2nd day of May, 1980, the order of the Workmen's Compensation Appeal Board, dated December 14, 1978, is hereby affirmed, and it is directed that judgment be entered in favor of Charlotte R. Edmond, and against E & S Fabricating & Welding Company, all payments to be made in accordance with the order of the Workmen's Compensation Referee, dated March 10, 1978.

Judge M<span style="font-variant:small-caps">ENCER</span> dissents.

President Judge B<span style="font-variant:small-caps">OWMAN</span> did not participate in the decision in this case.

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Donald Sherwood, Appellee.

Argued April 10, 1980, before President Judge C<span style="font-variant:small-caps">RUMLISH</span> and Judges R<span style="font-variant:small-caps">OGERS</span> and W<span style="font-variant:small-caps">ILLIAMS</span>, J<span style="font-variant:small-caps">R</span>., sitting as a panel of three.

118

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General for appellant.

*Donald R. Sherwood,* appellee, for himself.

OPINION BY PRESIDENT JUDGE CRUMLISH, May 1, 1980:

The Commonwealth of Pennsylvania's Department of Transportation appeals a Delaware County Common Pleas Court order sustaining an appeal from the suspension of motor vehicle operating privileges. We reverse.

This is a point system case dependent upon the following chronology: Donald R. Sherwood was cited on *June 29, 1976* for a traffic signal violation, convicted on July 7, 1976, and assessed three (3) points against his driving record. He was cited for a speeding violation on *March 7, 1977,* convicted and then certified on April 20, 1977 and assessed three (3) points against his driving record. Sherwood was again cited on *May 3, 1977* for a speeding violation, convicted on May 14, 1977 and assessed an additional two (2) points to his total. After this accumulation of eight (8) points, **he**

was notified on *August 26, 1977,* of the statutory requirement to either attend an approved driver improvement school or undergo a special examination.[1]

Sherwood was cited again on *August 29, 1977* for speeding, plead guilty on September 9, 1977 and was assessed another four (4) points against his record, bringing his total number of points to twelve (12). On *October 25, 1977,* he passed the required special operator's examination, conducted by the Pennsylvania State Police, and recorded at the Bureau of Traffic Safety on November 9, 1977. Two days later, on November 11, 1977, the Department acted upon Sherwood's twelve (12) point accumulation and mailed a notice of license suspension.[2]

On appeal, the Delaware County Common Pleas Court entered a March 20, 1978 opinion and order reinstating operating privileges based upon Sherwood's successful completion of the special examination before the actual suspension. The lower court held suspension improper on the ground that the October 25, 1977 special examination acted to reduce the point accumulation by two (2) for a total of ten (10) points, one less than necessary for the Section 1539 license suspension. The Department appeals.

---

[1] In accordance with the new Vehicle Code of 1976, 75 Pa. C.S. §1538(a):

(a) *Initial accumulation of six points.*—When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing. Upon satisfactory attendance and completion of the course or upon passing the special examination, *two points shall be removed* from the person's record. (Emphasis added.)

[2] According to 75 Pa. C.S. §1539(a):

(a) *General rule.*—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person. . . .

The narrow issue for our review is whether the successful completion of a special driver's examination *after* the accumulation of points necessary for suspension, but *before* the actual suspension has any effect upon that suspension. We think not.

According to the "old" Vehicle Code of 1959, Section 619.1 provided for the computation and assessment of points according to the conviction date of the particular offenses.[3] However, the "new" Vehicle Code of 1976 at 75 Pa. C.S. §1535(a) resolved the inherent problems of the former statute by clearly assessing points "as of the date of violation" for the particular offense. Our recent decision in *Department of Transportation, Bureau of Traffic Safety v. Sheets,* Pa. Commonwealth Ct.    , 410 A.2d 1295 (1980), per Judge ROGERS, is controlling in its interpretation and application of Section 1535(a). Although the decision turns on whether an appeal from the conviction of summary offenses under the Vehicle Code purges that conviction from the record pending an appeal's disposition, we held that points are indeed assessed as of the *date of violation.*

For all practical purposes, Sherwood's motor vehicle operating privileges were suspended on August 29, 1977 when his point total exceeded the statutory amount. The successful completion of a special operator's examination could only have credited the allowable two points if taken chronologically *before* the final violation.

Turning briefly to the question of "due diligence" by the Department, we recognize that operating privileges must be suspended within six months of the *conviction* resulting in suspension.[4]

---

[3] *See* The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §619.1, repealed by the Act of June 17, 1976, P.L. 162, §7.

[4] Unlike Section 1535(a)'s assessment of points "as of the date of violation," Vehicle Code Section 1551, 75 Pa. C.S. §1551, provides a different time guideline for license suspensions:

Since only two months passed between the time of conviction and suspension, we are further convinced that the lower court erred in reinstating this driver's motor vehicle operating privileges.

Accordingly, we

ORDER

AND Now, this 1st day of May, 1980, the order of the Court of Common Pleas of Delaware County, dated September 26, 1978, is hereby reversed; and the order of the Commonwealth of Pennsylvania, Department of Transportation, dated November 11, 1977, suspending motor vehicle operating privileges, is reinstated.

---

*Notice of suspension of licenses or permits.*

The department shall promptly notify each person whose license or permit is suspended . . . *within six months* following the conviction of a violation of this title that resulted in the addition of sufficient points to cause the suspension. (Emphasis added.)