David P. Plant, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

76

Submitted on briefs, June 1, 1981, to President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*John B. Mancke, Mancke & Lightman,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel of Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 29, 1981:

This is an appeal by appellant, David P. Plant, from an order of the Court of Common Pleas of Dauphin County. The lower court dismissed Plant's appeal, thereby sustaining the decision of the Pennsylvania Department of Transportation suspending Plant's license pursuant to Section 1538(b) of the Ve-

hicle Code (Code), 75 Pa. C. S. §1538(b), for a second accumulation of six or more points.

Appellant, David P. Plant is employed as a truck driver by Driver's, Inc. On June 18, 1979, appellant received an official notice from the Pennsylvania Department of Transportation indicating that a departmental hearing concerning his operating privileges had resulted in the suspension of his driver's license for fifteen days. Appellant had received four speeding citations over a period of eighteen months.

Appellant filed a timely appeal with the Court of Common Pleas of Dauphin County, alleging that the Department of Transportation, by failing to establish a driver improvement school, improperly removed one of the sanctions available to the hearing examiner under the Code, for punishment of the violation in question. The appellant also averred that the imposition of the fifteen day suspension constituted an abuse of discretion because he needed his operating privileges for employment purposes.

The lower court scheduled a hearing in this matter on October 9, 1979. At the hearing, the Commonwealth stipulated that it had not provided for the establishment of a driver improvement school, and, as such, that alternative was not an available sanction for the appellant's violation. After considering the evidence produced at the hearing, the lower court dismissed the appeal. The instant appeal to this Court followed.

Appellant advances virtually the same arguments to this Court as he presented to the court below. We find those arguments to be meritless and thus affirm the lower court's decision.

Relative to sanctions, Section 1538(b)(1) of the Code provides in part:

The hearing examiner may recommend *one or more* of the following:

(i)   That the person be required to attend a driver improvement school.

(ii)   That the person undergo an examination as provided for in Section 1508 (relating to examination of applicant for driver's license).

(iii)   That the person's driver's license be suspended for a period not exceeding 15 days. (Emphasis added.)

The above-quoted statutory provision expressly provides that attendance at driver improvement school is merely one alternative which is available to a hearing examiner in punishing a driver who has violated the Vehicle Code. Furthermore, the Vehicle Code simply authorizes the establishment of driver improvement schools; it does not mandate their creation. Section 1549(a) of the Code, 75 Pa. C. S. §1549 (a), provides in pertinent part:

(a)   Driver improvement schools—The department is *authorized* to establish and maintain driver improvement schools throughout this Commonwealth. (Emphasis added.)

Therefore, it was not necessary for the Department of Transportation to establish a driver improvement school before it could properly suspend the appellant's license. Moreover, this Court has held that economic hardship resulting from a suspension is not sufficient to show an abuse of discretion in imposing that sanction. *E.g., Department of Transportation, Bureau of Traffic Safety v. Vairo,* 9 Pa. Commonwealth Ct. 454, 308 A.2d 159 (1973).

Accordingly, we affirm the order of the court below.

## Order

And Now, the 29th day of September, 1981, the order of the Court of Common Pleas of Dauphin County at No. 3107 of S. Term 1979 is affirmed.