Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Lee Alan Dickson, Appellee.

Submitted on briefs, September 17, 1981, to Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., December 24, 1981:

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Westmoreland County directing the reinstatement of appellee Lee Alan Dickson's driving privileges.

Dickson's operator's license was suspended by the Department after he had committed a series of traffic violations which resulted in an accumulation of eleven points against his driver's license. The suspension was mandated by Section 1539(a) of the Vehicle Code,[1] which provides in pertinent part:

When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person.
. . .

---

[1] 75 Pa. C. S. §1539(a).

Appellee Dickson's points were amassed in the following manner. On February 19, 1977, Dickson received a citation for driving 35 miles per hour in excess of the legal speed limit. After attending a departmental hearing concerning the speeding violation, Dickson's license was suspended for 15 days.[2] On October 17, 1977, Dickson's operating rights were restored; and, pursuant to Section 1545 of the Vehicle Code, five (5) points remained outstanding against his driving record.[3] Approximately one month later, Dickson was cited for his failure to bring his vehicle to a halt at a stop sign. Dickson pled guilty to that offense, and three (3) additional points were charged against his driver's license. Since Dickson had accumulated more than six points, he was required to undergo a special examination and was so notified in writing.[4] Notification of the examination was mailed to Dickson on May 4, 1978. Prior to receiving notification of the examination, Dickson received a traffic citation for reckless driving.[5] Dickson was convicted of that offense on June 28, 1978. Upon certification of the conviction, three points were assessed against Dickson's driving record as of March 13, 1978, the date of the violation. The three points that Dickson acquired as a result of the reckless driving conviction brought the point total against his driving record to eleven (11) points. Due to the accumulation of the

[2] This violation was charged pursuant to Section 1002 of the old code, The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, formerly 75 P.S. §1002, repealed by the Act of June 17, 1976, P.L. 162, which became effective, for the most part, on July 1, 1977.

[3] 75 Pa. C. S. §1545. This Section provides, in pertinent part as follows: "Upon restoration of any person's operating privilege which has been suspended pursuant to this subchapter, such person's record *shall show five points*. . . ." This Section is a continuation of Section 619.1(m) of the old code, 75 P.S. §619.1(m).

[4] See Section 1538 of The Vehicle Code, 75 Pa. C. S. §1538.

[5] See Section 3714 of The Vehicle Code, 75 Pa. C. S. §3714.

eleven (11) points and pursuant to the Vehicle Code, the Department of Transportation, on September 4, 1978, suspended Dickson's license for one hundred and ten days.[6]

Dickson appealed to the Court of Common Pleas of Westmoreland County from the suspension of his operator's license. The lower court held that Dickson had completed a driver's training course, thereby entitling him to a deduction of two points against his driving record. Accordingly, that court held that the suspension was unwarranted. The instant appeal followed.

It is the position of the Department of Transportation that appellee, Dickson, had accumulated eleven points prior to his passing of the special examination; and that, therefore, he did not qualify for a two point deduction so as to prevent the suspension of his driver's license. We agree.

At the outset, it must be noted that appellant correctly concluded that appellee Dickson had accumulated eleven (11) points against his driving record *prior* to successfully completing the special examination. As previously stated, the violation which brought Dickson's point total to eleven (11) points occurred on March 13, 1978. This Court has, on a prior occasion, stated that points vest and are assessed at the time of the violation, not the time of the conviction. *Department of Transportation, Bureau of Traffic Safety v. Hafer,* 54 Pa. Commonwealth Ct. 310, 421 A.2d 492 (1980). Although the record does not indicate the exact date on which Dickson passed the test, it does reveal that notification of said exam was mailed on May 4, 1978. Thus, it logically follows that Dickson had to have taken and passed the examination subsequent to the assessment of eleven (11) points against his driving record.

---

[6] See Section 1539(b) of The Vehicle Code, 75 Pa. C. S. §1539(b).

Having established that appellee amassed eleven (11) points *prior* to passing the special driver's examination, we must determine whether the passing of that exam had any effect upon the suspension of appellee's driver's license. That is not a novel issue for this Court. We recently held that the successful completion of a special operator's examination will act to credit two points to a driver's record only if taken chronologically before the final violation. *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980). Thus, in the instant case, the lower court erred in deducting two points from Dickson's driving record and reinstating his operating privileges. Accordingly, we must reverse that decision and order that appellee Dickson's driving privileges be suspended.

ORDER

AND Now, the 24th day of December, 1981, the order of the Court of Common Pleas of Westmoreland County at No. 9519 of 1978 is reversed; and the suspension of the appellee's motor vehicle operating privileges is reinstated.