Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Larry R. Long, Appellee.

Submitted on briefs September 16, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for appellant.

*Harvey B. Reeder,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 23, 1983:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Huntingdon County reinstating the driver's license of Larry R. Long, the appellee herein. Long had appealed to the trial court when the Department, pursuant to Section 1539 of the Vehicle Code,[1] suspended his license for fifty-five days because of his having accumulated eleven points.

Larry R. Long's certified driving record, introduced in evidence before the trial court, sets forth the following chronology of events: On October 14, 1976,

---

[1] 75 Pa. C. S. §1539.

Long was cited for a speeding violation and assessed four points against his driving record. One year later, on October 14, 1977, Long was credited three points for having a violation-free year; consequently, three points were removed from his record. On June 11, 1978, he was again cited for speeding, and was assessed three points. On May 11, 1979, he was once more cited for a speeding violation and assessed three points. That assessment brought his point total to seven. As a result of the last violation, Long received a notice from the Department, dated August 6, 1979, that he had to pass a special driver's examination.

Between the time of the May 1979 violation and the notice of the examination requirement, the appellee accumulated more points: On June 18, 1979, Long was again cited for a speeding violation, which resulted in his being assessed four points. That violation brought his point total to eleven.

By a notice dated October 3, 1979, the Department informed Long that his driver's license was to be suspended for 55 days, pursuant to Section 1539 of the Vehicle Code. On that same date, October 3, 1979, Larry R. Long passed the examination he had been directed to take. Under Section 1538(a) of the Vehicle Code,[2] a person passing such an examination is entitled to have two points removed from his record.

By the express mandate of Section 1539(a),[3] a person's driver's license is to be suspended when his record shows an accumulation of eleven points or more. As we have already noted, Long's speeding violation on June 18, 1979 gave him an accumulation of eleven points. The trial court, however, concluded that the two-point credit resulting from Long's passing the examination reduced his point total to nine and thus

---

[2] 75 Pa. C. S. §1538(a).
[3] 75 Pa. C. S. §1539(a).

put him outside the operation of Section 1539(a). In that reasoning the trial court erred.

By force of Section 1535(a) of the Vehicle Code,[4] points are deemed to be assessed as of the date of the violation involved. *Department of Transportation, Bureau of Traffic Safety v. Sheets,* 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980). Accordingly, Long's driver's license became irretrievably subject to suspension as of June 18, 1979, the date on which he committed the speeding violation that brought his point total to eleven. *See Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980). The special examination taken by Long could have operated to reduce his point total by two only if the examination had been taken prior to his final violation. *Department of Transportation, Bureau of Traffic Safety v. Dickson,* 63 Pa. Commonwealth Ct. 403, 437 A.2d 1334 (1981); *Sherwood.* In the case at bar, the licensee took the examination almost four months after he had amassed eleven points against his record; thus, his having taken the examination did not save his driver's license from suspension.

For the reasons set forth, we must reverse the order of the trial court, and reinstate the Department's order suspending the license of appellee Larry R. Long.

## ORDER

AND Now, the 23rd day of February, 1983, the order of the Court of Common Pleas of Huntingdon County, Civil Division, at No. 79-2052, is reversed; and the suspension of the appellee's motor vehicle operating privileges is reinstated.

---

[4] 75 Pa. C. S. §1535(a).