Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Anthony Pompeo, Appellee.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Richard A. Russell, May & Long,* for appellee.

OPINION BY JUDGE BARBIERI, April 14, 1983:

The Department of Transportation, Bureau of Traffic Safety (Bureau) appeals here from an order of the Court of Common Pleas of Allegheny County sustaining a license suspension appeal filed by Anthony Pompeo. We reverse.

On March 28, 1980, Mr. Pompeo was convicted before a district magistrate for a speeding violation which occurred on February 13, 1980. Since this conviction added four points to Mr. Pompeo's record, bringing his total to eleven, the Bureau, pursuant to the mandate of Section 1539 of the Vehicle Code (Code), 75 Pa. C. S. §1539, issued a suspension letter to Mr. Pompeo, suspending his license for a period of 55 days. Mr. Pompeo subsequently filed appeals to the court of common pleas from both his conviction and his license suspension, and on November 3, 1980, his appeal from the district magistrate's conviction was dismissed. Thereafter, at a hearing on his suspension appeal, conducted before the Honorable NICHOLAS A. PAPADAKOS on December 17, 1980, Mr. Pompeo alleged that for the purpose of determining whether he had the eleven points requiring the issu-

ance of a suspension letter, the Bureau should have assessed the four points for his February 13, 1980 offense when his appeal from the district magistrate's conviction was dismissed, instead of assessing them at the date of the district magistrate's conviction. Mr. Pompeo apparently advanced this argument under the mistaken belief that it would somehow alter his point total.[1] Judge PAPADAKOS recognized, however, and so stated during the hearing, that Mr. Pompeo's license would still have to be suspended even if his appeal were sustained since he would still have an eleven point total. After reviewing the relevant law, Judge PAPADAKOS then concluded that the Bureau should not have assessed the points in question until Mr. Pompeo's appeal from his conviction was dismissed on November 3, 1980, and accordingly sustained Mr. Pompeo's appeal. Thereafter, even though Judge PAPADAKOS had stated during the hearing that the Bureau could impose the suspension if the appeal was sustained, the Bureau did not impose the suspension, but instead appealed to this Court.

Before this Court, the only issue raised by the Bureau is whether or not the court of common pleas erred as a matter of law by concluding that the Bureau may not assess points until an appeal from a conviction is dismissed.

Our decision in the present case is controlled by our decision in *Department of Transportation, Bureau of Traffic Safety v. Sheets*, 49 Pa. Commonwealth Ct.

---

[1] Pursuant to the provisions of Section 1535(a) of the Vehicle Code, 75 Pa. C. S. §1535(a), upon conviction points are to be assessed as of the date of violation. *Department of Transportation, Bureau of Traffic Safety v. Sheets*, 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980). Hence, any effort by Mr. Pompeo to avoid suspension by reducing his point total between the date of the offense and the date of his conviction would be to no avail.

175, 410 A.2d 1295 (1980), where we rejected the same argument accepted by the court of common pleas in the present case, stating therein that "there is no provision of law requiring that the Department be given, or take, notice of an appeal, much less that it should expunge points on account of an appeal." *Id.* at 178, 410 A.2d at 1296. We therefore reverse.

ORDER

Now, April 14, 1983, the order of the Court of Common Pleas of Allegheny County, dated December 17, 1980, sustaining the appeal of Anthony Pompeo, is reversed.