Burton F. Drill, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs April 7, 1983, to Judges Blatt, Craig and Doyle, sitting as a panel of three.

*Marc M. Orlow, Techner, Rubin, Shapiro & Slass,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge Craig, May 11, 1983:

Seeking a remand for the recalculation of points assessed against his driving record, Burton F. Drill appeals from a Montgomery County Common Pleas Court order which affirmed the Secretary of Transportation's decision to suspend Mr. Drill's operating privileges for sixty-five days.

According to the undisputed facts of record, Mr. Drill committed four driving violations from May 17, 1979 to March 2, 1980, as follows:

| Date of Violation | Date of Conviction | Violation | Section Violated | Action Taken by Department | |
|---|---|---|---|---|---|
| 5/17/79 | 6/29/79 | Traffic Signal Violation | 75 Pa. C. S. §3112(a)(i) | Point Letter | +3 |
| 2/1/80 | 3/18/80 | Improper Turning Around | 75 Pa. C. S. §3332 | Point Letter | +3 |
| 2/9/80 | 2/14/80 | Speeding | 75 Pa. C. S. §3362 | Point Letter | +4 |
| 3/2/80 | | Speeding | 75 Pa. C. S. §3362 | Point Letter | +3 |
| | | | | TOTAL POINTS | +13 |

Apparently, after the Department of Transportation (DOT) received certification of Mr. Drill's February 14, 1980 conviction, it notified him on July 16, 1980 that he would have to submit to a special examination under section 1538(a) of the Vehicle Code, 75 Pa. C. S. §1538(a),[1] having accumulated six or more points on his record. According to the common pleas court, Mr. Drill passed the examination on September 9, 1980.[2]

Although there is no evidence of record to indicate when DOT received notification of Mr. Drill's March 2 and March 18 convictions, the record reveals that, by order of September 10, 1980, DOT notified Mr. Drill that it would suspend his operating privileges as man-

---

[1] Section 1538(a) provides, in pertinent part:

When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing. Upon . . . passing the special examination, two points shall be removed from the person's record.

[2] In its brief, DOT suggests that Mr. Drill actually passed the examination on September 10, 1980.

dated by section 1539 of the Vehicle Code,[3] because the February 1, 1980 violation brought his total point accumulation to thirteen.

Mr. Drill contends that, because he passed the special examination on September 9, 1980, DOT should have removed two points from his driving record under section 1538 as of September 16, 1980, when the Commonwealth sent notice of his license suspension. Arguing that DOT failed to act with due diligence, he contends that, at most, he accumulated only eleven points at the time of suspension and should have his operating privileges suspended for only fifty-five days. We disagree.

Our well-settled interpretation of section 1539(a) is that points are assessed at the time of the violation rather than at the time of conviction. *Bureau of Traffic Safety v. Hafer,* 54 Pa. Commonwealth Ct. 310, 421 A.2d 492 (1980). Mr. Drill does not deny that he committed all four violations by March 2, 1980; accordingly, all thirteen points vested before the date of his special examination. Therefore, passing the examination in September did not affect Mr. Drill's suspension because he successfully completed the test only after the date of the violation which gave him a thirteen-point total. *Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980); *Bureau of Traffic Safety v. Sheets,* 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980).[4]

---

[3] 75 Pa. C. S. §1539 provides for the mandatory suspension of a driver's license upon an accumulation of eleven points or more, five days for each point.

[4] We find Mr. Drill's due diligence argument unpersuasive. Section 1551 of the Vehicle Code, 75 Pa. C. S. §1551, requires that DOT notify each person of his license suspension within six months following a *conviction* which results in the addition of points sufficient to cause the suspension. Mr. Drill was convicted of his fourth offense on March 18, 1980; he received notification of his suspension on September 16, 1980.

Accordingly, we affirm.

ORDER

Now, May 11, 1983, the order of the Court of Common Pleas of Montgomery County, No. 80-17269, is affirmed.

---

We may not consider Mr. Drill's undue hardship argument because the suspension imposed here was mandatory. *See Virnelson Motor Operator License Case*, 212 Pa. Superior Ct. 359, 243 A.2d 464 (1968).