## Pa. Department of Transportation v. Fishman

*Marie Inyang,* for Commonwealth.
*Benjamin Pomerantz,* for defendant.

BORTNER, *J.,* December 21, 1984—This is an appeal by defendant Jacob Fishman of the Department of Transportation's suspension of his driver's license. For the reasons set forth below, we dismiss Mr. Fishman's appeal and order the suspension reinstated.

Mr. Fishman's driver's license was suspended by the Department after he committed a series of traffic violations which resulted in an accumulation of 12 points against his license. The suspension was mandated by 75 Pa. C.S. § 1539(a) which provides "[w]hen any person's record shows an accumulation of eleven points or more, the Defendant shall suspend the operating privileges of the person. . . ."

Mr. Fishman's points were accumulated in the following manner. On November 30, 1979, Fishman received a citation for driving 52 miles per hour in a 40 mile per hour zone. As a result of his failure to respond to this citation, Fishman was notified on May 13, 1980 that his operating privileges would be suspended on June 3, 1980, until such time as he did respond to the citation in accordance

with the applicable provision of the Vehicle Code. The notice also indicated that if "payment is made on or after June 3, 1980 five points will be placed on your driving record." On June 3, 1980, Fishman issued a check in the appropriate amount to the district justice in response to the November 30, 1979 ticket. Then on July 1, 1980, Fishman was again cited for driving 53 miles per hour in a 35 mile per hour zone.

On December 15, 1980, Fishman received a notice from the Department that his total point accumulation was eight points and therefore, he was required to pass a special examination.[1] However, on December 18, 1980 Fishman was notified that his total point accumulation was 12 points and as a result, a suspension of 180 days was to be imposed pursuant to 75 Pa. C.S. §1539.

Fishman argues that he should have been given an opportunity to take and pass the special examination thereby entitling him to a deduction of two points against his driving record making a suspension unwarranted.[2] It is the department's position that Fishman had accumulated 12 points prior to being notified that he was required to pass the special examination and the successful completion of a special examination could only have credited two points to his record if taken chronologically before the final violation. We agree.

--------

1. 75 Pa. C.S. §1538(a) states "[w]hen any person's record . . . shows as many as six points, the Department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing."

2. 75 C.S. §1538(a) provides that . . . upon passing the special examination, two points shall be removed from the person's record.

Points are "assessed" as of the date of the violation of the particular offense involved. Department of Transportation v. Sherwood, 51 Pa. Commw. 117, 414 A.2d 151 (1980). Therefore, on November 30, 1979 three points were "assessed" against Fishman's driving record for his speeding violation even though these points were not "assigned" to him until December 15, 1980 due to the delay between the date of the violation and the date of the conviction (because of his failure to respond to the citation until June 3, 1980).

Then, on June 3, 1980 five points were "assessed" against Fishman's record pursuant to the Department's May 13, 1980 notice informing him of the suspension of his operating privileges and that if payment was made on or after June 3, 1980 five points would be placed on his driving record.

Finally, on July 1, 1980 four points were "assessed" against Fishman's record for another speeding violation, bringing his point total to 12.

Accordingly, Fishman's driver's license became irretrievably subject to suspension as of July 1, 1980, the date on which he committed the speeding violation that brought his point total to twelve. See Department of Transportation v. Long, 72 Pa. Commw. 266, 457 A.2d 140 (1983); Sherwood, supra, 414 A.2d at 153. The successful completion of a special examination could only have credited two points to Fishman's record if taken chronologically before the final violation. Sherwood, supra, 414 A.2d at 153.

Based on the foregoing, we enter the following

## ORDER

And now, this December 21, 1984, the order of the Commonwealth of Pennsylvania, Department of

Transportation, dated December 18, 1980 suspending defendant's motor vehicle operating privileges is reinstated.