Robert J. Bella, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert H. Slone,* with him, *Patrick H. Mahady, Mahady & Mahady,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE DOYLE, December 24, 1985:

Robert J. Bella (Appellant) appeals from an order of the Court of Common Pleas of Westmoreland County which affirmed the action of the Pennsylvania Department of Transportation (Department) suspending Appellant's operating privileges for fifty-five days due to his accumulation of eleven points, pursuant to Section 1539 of the Vehicle Code, 75 Pa. C. S. §1539.

On February 12, 1982, Appellant received notice from the Department that his driver's license was being suspended. Appellant does not contest his accumulation of eleven points. His argument is based on the fact that he was not credited with a two point reduction for passing a special examination after his accumulation had reached six points.

Section 1538(a) of the Vehicle Code, 75 Pa. C. S. §1538(a), provides in pertinent part:

When any person's record for the first time shows as many as six points, the department shall require the person to attend an approved driver improvement school or undergo a special examination and shall so notify the person in writing. Upon satisfactory attendance and completion of the course or upon passing the special examination, two points shall be removed from the person's record.

Appellant received notification of his eligibility for the special examination after he had accumulated seven points. He did not *pass* the examination until March 13, 1982 however, and by that date he had already accumulated eleven points. At that point in time therefore he had accumulated the necessary points that triggered the suspension.

This Court clearly held in *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980), that "[t]he successful completion of a special operator's examination could only have credited the allowable two points if taken chronologically *before* the final violation." *Id.* at 120, 414 A.2d at 153.

The *Sherwood* interpretation of Section 1538(a) has since been held to apply even where a driver passes the special examination on the same day he receives a fifty-five day suspension notice. *Department of Transportation, Bureau of Traffic Safety v. Long,* 72 Pa. Commonwealth Ct. 266, 457 A.2d 140 (1983).

Appellant seeks to challenge the *Sherwood* holding on the constitutional grounds of equal protection. He argues that two classes of drivers have been created arbitrarily under the Code, those whose six point accumulation is reduced upon passing the special examination, and those who go on to accumulate eleven points *before* passing the examination and therefore are not credited with a two point reduction.

We agree with the Department that to call such a classification "arbitrary" is absurd. It is entirely reasonable to conclude that, in the interest of encouraging driver caution and overall traffic safety, the legislature intentionally has designed a scheme which imposes a more severe penalty upon those drivers who accumulate points for violating the motor vehicle laws more frequently and more rapidly than others. As the Department has pointed out, this is consistent with the

624

scheme of Section 1537 of the Vehicle Code, 75 Pa. C. S. §1537, which provides that drivers who accumulate points eventually lose them at the attrition rate of three points per year, so that they may never suffer any suspension at all.

We will affirm the common pleas court.

ORDER

Now, December 24, 1985, the decision of the Court of Common Pleas of Westmoreland County, Pennsylvania, No. 1327 of 1982, dated June 29, 1982, is hereby affirmed.