511 A.2d 949

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Chris Pinhas, Appellee.

Submitted on briefs August 28, 1985, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Chris Pinhas,* appellee, for himself.

OPINION BY JUDGE MACPHAIL, July 10, 1986:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Chris Pinhas (Appellee) from the suspension of his motor vehicle operator's license.[1]

---

[1] This case was assigned to the writer of the opinion on May 7, 1986. By a prior order of this Court, the Appellee was precluded from filing a brief.

On March 3, 1980, Appellee received a citation for speeding. He was convicted of this offense on April 11, 1980, and as a result three points were assessed against his record. On May 4, 1980, Appellee was cited for reckless driving and assessed three more points. On January 6, 1981, Appellee was required to take a special examination due to his accumulation of six points. He passed this examination, and two points were accordingly removed from his record.

On October 19, 1980, Appellee was again cited for speeding. Three more points were accordingly assessed, bringing his new point total to seven. On June 6, 1981, a departmental hearing was held, as a result of which a fifteen day license suspension was imposed.

Appellee appealed his suspension to the court of common pleas, which held a hearing on November 18, 1981, and issued an order on the same date, sustaining the appeal and directing that the three points assessed as a result of the April 11, 1980 conviction be removed, due to a still pending appeal from that conviction.[2]

The sole basis for the Department's appeal to this Court is the contention that the court of common pleas erred as a matter of law in concluding that the Department may not assess points until an appeal from a conviction is dismissed.

The Department is quite correct that pursuant to the provisions of Section 1535(a) of the Vehicle Code, 75

---

[2] At the hearing before the trial judge on November 18, 1981, the Appellee testified that he appealed his April 11, 1980 speeding conviction to the Court of Common Pleas and heard nothing further regarding it. The trial judge at the conclusion of the hearing stated: "I am going to check. You will hear from me." No further testimonial record was ever made, but the court order filed later that day stated that the appeal was taken April 11, 1980, that there had been no final disposition, and that the appeal was docketed at SA 371 of 1980.

Pa. C. S. §1535(a), upon conviction points are to be assessed as of the date of the violation and are not required to be expunged upon the taking of an appeal. *Department of Transportation, Bureau of Traffic Safety v. Pompeo,* 73 Pa. Commonwealth Ct. 414, 458 A.2d 327 (1983); *Department of Transportation, Bureau of Traffic Safety v. Sheets,* 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980). We therefore agree that the trial court erred in sustaining Appellee's suspension appeal on the basis of an outstanding appeal from a conviction where points were assessed under Section 1535(a). The trial court's order must be reversed.

## ORDER

The order of the Court of Common Pleas of Allegheny County, No. SA 1169 of 1981, dated November 18, 1981 is hereby reversed and the order of the Department of Transportation, Bureau of Traffic Safety, is reinstated.

---

DISSENTING OPINION BY JUDGE DOYLE:

Respectfully, I must dissent. Although I find no fault with the analysis of the majority, I do not believe that concludes the matter. Section 1535(a) of the Vehicle Code, 75 Pa. §1535(a), only requires that points be assessed; that Section does *not* mandate, nor even discuss, mandatory suspension of an operator's license for point accumulations.

The appeal below was taken from an action of the Department under Section 1538(b) of the Vehicle Code, and not, as in *Sheets* and *Pompeo,* from an action under Section 1539 of the Code, which calls for a *mandatory* suspension when there is an 11 point accumulation. Section 1538(b) pertinently states:

(1) When any person's record has been reduced below six points and for the second time shows

as many as six points, the department shall require the person to attend a departmental hearing. The hearing examiner *may* recommend one or more of the following:

(i) That the person be required to attend a driver improvement school.

(ii) That the person undergo an examination as provided for in Section 1508 (relating to examination of applicant for driver's license).

(iii) That the person's driver's license be suspended for a period not exceeding 15 days.
(2) The department *may* effect or modify the recommmendation of the hearing examiner but may not impose any sanction not recommended by the hearing examiner. (Emphasis added.)

The crucial distinction between an appeal from a Section 1539 suspension and a suspension under Section 1538(b) is that the latter, unlike the former, does not impose *mandatory* action upon the Department. Therefore, while I agree with the majority that points must be assessed, I disagree entirely as to what result should be reached once that determination has been made. Although no opinion was issued below, the court made the following comment from the bench:

If there is no appeal pending in this court from that speeding—either one of the speeding convictions, I will dismiss your appeal and your suspension for 15 days which will go into effect, because on the basis of the record there is no basis for the appeal.

This was not a totally accurate statement of all of the issues before the trial judge. What is quite clear, however, is that the Appellee, who appeared without counsel at the hearing, did bring up the issue of his appeal from his first conviction; it is also quite clear that discretionary action by the Department under Section 1538(b)

*does* form the basis for an appeal on the grounds of abuse of discretion. *See Plant v. Commonwealth,* 62 Pa. Commonwealth Ct. 75, 434 A.2d 1334 (1981). I do not believe therefore that all the issues were ever properly addressed below, and thus we are unable to perform our proper review here. I would vacate the order of the trial court and remand the case for proceedings on the merits.