533 A.2d 1146

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* James E. Wagner, Appellee.

Submitted on briefs September 18, 1987, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Christopher J. Clements,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Harris J. Resnick,* for appellee.

OPINION BY SENIOR JUDGE KALISH, December 3, 1987:

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals an order of the Court of

Common Pleas of Philadelphia County which ordered DOT to suspend appellee's, James E. Wagner, motor vehicle operating privileges for a period of thirty days, thereby revoking DOT's fifty-five day suspension of appellee's license. We reverse the trial court.

On December 6, 1985, appellee was notified by DOT that he had accumulated eight points on his driving record and would be notified of a departmental hearing pursuant to section 1538(b) of the Vehicle Code (Code), 75 Pa. C. S. §1538(b). This was the second time appellee's record showed six or more points. Section 1538(b) of the Code provides that where there is a second accumulation of six points, "[W]henever any person's record has been reduced below six points and for the second time shows as many as six points, the department shall require the person to attend a departmental hearing." The hearing examiner has various options of recommending sanctions to DOT including among others that his license be suspended for no more than fifteen days. Upon completion of the sanction or sanctions, two points shall be removed from the person's record. It thus becomes at once evident that such a hearing is mandatory and that upon completion of the sanction or sanctions, two points must be removed from the person's record.

On December 7, 1985, before being notified of the hearing date, appellee had accumulated an additional three points for a speeding violation. Appellee now had a total of eleven points which made suspension of his driver's license for a period of fifty-five days mandatory pursuant to section 1539 of the Code, 75 Pa. C. S. §1539. Appellee was notified on February 18, 1986 that his operating privilege was suspended for fifty-five days.

The trial court concluded that had appellee been given the hearing as provided for in section 1538(b) of the Code, it would have been possible for him to have

received no suspension at all, or at the most only a thirty-day suspension. The trial court therefore reduced the suspension to thirty days.

DOT cites the case of *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980), where the motorist actually had completed the required examination, as authority for its contention that at the time of suspension the motorist had nevertheless accumulated sufficient points to make the suspension for fifty-five days mandatory. The court in *Sherwood* did say that "[t]he successful completion of a special operator's examination could only have credited the allowable two points if taken chronologically *before* the final violation." *Id.* at 120, 414 A.2d at 153 (emphasis in original). We agree.

Points are assessed as of the date of violation. *Department of Transportation, Bureau of Traffic Safety v. Sheets,* 49 Pa. Commonwealth Ct. 175, 410 A.2d 1295 (1980). Appellee's driver's license became irretrievably subject to suspension as of December 7, 1985, the date on which he committed the speeding violation that brought his point total to eleven. The hearing could have operated to reduce appellee's point total by two *only if* the hearing had been held prior to his final violation of December 7, 1985. *Department of Transportation, Bureau of Traffic Safety v. Dickson,* 63 Pa. Commonwealth Ct. 403, 437 A.2d 1334 (1981). Appellee could not have possibly appeared at a hearing before he amassed eleven points against his record; thus, the suspension for fifty-five days was mandated. *Department of Transportation, Bureau of Traffic Safety v. Long,* 72 Pa. Commonwealth Ct. 266, 457 A.2d 140 (1983).

Accordingly, we reverse the order of the trial court, and reinstate DOT's suspension of appellee's license.

## ORDER

NOW, December 3, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 3267 March Term, 1986, dated June 24, 1986, is reversed; and the suspension of appellee's motor vehicle operating privileges is reinstated.