549 A.2d 1017

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Frank W. Mozina, Appellee.

*Harold H. Cramer,* Assistant Chief Counsel, with him, *John L. Heaton,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE COLINS, November 7, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Crawford County which sustained the appeal of Frank W. Mozina (appellee)[1] from the suspension of his license and remanded this matter to DOT with the admonition that DOT shall not suspend appellee's driving privileges until he is granted a hearing. We reverse.

---

[1] Appellee chose not to file a brief in this matter.

The record reflects that the appellee has a less than stellar driving record. On December 4, 1984, the appellee had accumulated seven points against his driver's license. Therefore, since the appellee for the first time had accumulated six or more points, he was required to pass a special examination under Section 1538(a) of the Vehicle Code (Code), 75 Pa. C. S. §1538(a). Appellee successfully completed the examination on April 6, 1985, and two points were removed from his record, thus, reducing his total to five points.

The appellee had three more points assessed against his license, thus, bringing the total to eight as a result of a July 10, 1985, violation of Section 3112 of the Code.[2] This was the second time that the appellee had accumulated six or more points against his license. Appellee was then given notice on November 15, 1985, that under Section 1538(b) of the Code, he was required to attend a departmental hearing. Before he received the November 15, 1985 letter, appellee was cited on October 30, 1985, for a speeding violation under Section 3362 of the Code. This raised the number of points assessed against appellee's license to twelve.

Appellee then received an additional notice dated February 18, 1986, that his license was to be suspended for sixty (60) days under Section 1539 of the Code for an accumulation of more than eleven points. Prior to receiving the 60-day suspension notice that is the subject of this appeal, appellee attended his departmental hearing because of his second accumulation of six or more points (the July 10, 1985 violation).

Appellee attended this departmental hearing required by 75 Pa. C. S. §1538(b) on January 28, 1986. That section states in pertinent part:

---

[2] 75 Pa. C. S. §3112 pertains to traffic control signals.

(1) When any person's record has been reduced below six points and for the second time shows as many as six points, the department shall require the person to attend a departmental hearing. The hearing examiner *may* recommend one or more of the following:

    (i) That the person be required to attend a driver improvement school.

    (ii) That the person undergo an examination as provided for in section 1508 (relating to examination of applicant for driver's license).

    (iii) That the person's driver's license be suspended for a period not exceeding 15 days.

(2) The department may effect or modify the recommendations of the hearing examiner *but may not* impose any sanction not recommended by the hearing examiner.

(3) Upon *completion of the sanction or sanctions* imposed by the department, two points shall be removed from the person's record.

75 Pa. C. S. §1538(b) (emphasis added).

The hearing examiner recommended that no action be taken against appellee.. Thus, there was no sanction for the appellee to complete to entitle him to a reduction of two points under 75 Pa. C. S. §1538(b)(3).

The trial court was under the impression that the hearing examiner's decision to take no action at the January 28, 1986, hearing was not authorized by the Code. The trial court believed that two points should have been removed from the appellee's driving record; thus, he would have had accumulated only ten points against his license and not the twelve that led to the sixty-day suspension in question. The trial court then remanded this matter to DOT to complete its original hearing and, further, ruled that DOT could not suspend the appellee's driving privileges until that action had been concluded.

In *Department of Transportation, Bureau of Traffic Safety v. Sherwood,* 51 Pa. Commonwealth Ct. 117, 414 A.2d 151 (1980), this Court held that under Section 1535 of the Code, the point system requires points to be assessed as of the violation date. As of October 30, 1985, the date appellee was cited for speeding and assessed four points, he had accumulated twelve points against his record. Appellee received the hearing required by 75 Pa. C. S. §1538(b) and the hearing examiner recommended no action. Under Section 1538(b)(2) of the Code, DOT may effect or modify the hearing examiner's action, but may not impose any sanction not recommended by the hearing examiner. Since the hearing examiner recommended no action be taken, there was nothing for DOT to effect or modify. The appellee has been granted his hearing and a remand would not be in order because the only thing DOT can do is effect or modify the examiner's decision to take no action.

As previously stated, those who are convicted of traffic violations are assessed points as of the *date* of the violation. Thus, at the date appellee received four points for speeding, he had accumulated twelve points and, therefore, was subject to a 60-day suspension. 75 Pa. C. S. §1539(a) and (b) (five days for each point).

Accordingly, the order of the Court of Common Pleas of Crawford County is hereby reversed and the 60-day suspension of appellee's driver's license is reinstated.

## ORDER

AND NOW, this 7th day of November, 1988, the order of the Court of Common Pleas of Crawford County in the above-captioned matter is hereby reversed and the 60-day suspension of appellee's driver's license is reinstated.

Judge MACPHAIL did not participate in the decision in this case.