566 A.2d 936

**Michael John BUDJNOSKI, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 1989.

Decided Nov. 30, 1989.

John R. Sobota, with him, William A. DeGillio, Wilkes–Barre, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

This is an appeal by Michael John Budjnoski (Licensee) from an order of the Court of Common Pleas of Luzerne County which upheld the action of the Department of Transportation (DOT) in suspending Licensee's operating privileges for a period of fifteen days and, hence, denied Licensee's appeal.

The relevant facts are not in dispute. Licensee was found guilty of speeding in violation of Section 3362(a)(2) of the Vehicle Code, 75 Pa.C.S. § 3362(a)(2). That conviction was appealed to the Superior Court which subsequently, in an order not of record in this case, remanded to the trial court to allow Licensee to file post-trial motions. Meanwhile, however, because of the initial conviction for speeding of which DOT received notice, Licensee's operating privileges were suspended for fifteen days in accordance with Section 1538(d) of the Vehicle Code, 75 Pa.C.S. § 1538(d), which pertinently provides:

(1) When any person is convicted of driving 31 miles per hour or more in excess of the speed limit, the department shall require the person to attend a departmental hearing. The hearing examiner *may* recommend one or more of the following:

(i) That the person be required to attend a driver improvement school.

(ii) That the person undergo an examination as provided for in Section 1508.

(iii) That the person have his driver's license suspended for a period not exceeding 15 days. (Emphasis added.)

The hearing examiner recommended the sanction of a fifteen day suspension appearing under subsection (d)(1)(iii) and the Department adopted the recommendation in its order. The trial court denied Licensee's appeal and it is from that order that Licensee now appeals.

On appeal Licensee presents one argument for our consideration, *i.e.*, that because the appeal of the criminal conviction is still pending he has not been "convicted" for purposes of bringing the Section 1538(d)(1)(iii) sanction into play. Licensee forthrightly acknowledges in his brief that under *Department of Transportation, Bureau of Traffic Safety v. Pompeo,* 73 Pa. Commonwealth Ct. 414, 458 A.2d 327 (1983), the Commonwealth may assess points on a licensee's record and issue a suspension despite the fact that an appeal from a criminal conviction is pending. *Accord Department of Transportation, Bureau of Traffic Safety v. Sheets,* 49 Pa.Commonwealth Ct. 175, 410 A.2d 1295 (1980). Licensee contends, however, that *Sheets, Pompeo* and their progeny are distinguishable because they involved situations where the Department's power to assess a suspension is mandatory rather than discretionary. While we have found no case holding that a Section 1538(*d*) suspension is discretionary, we have observed that the virtually identical language appearing in Section 1538(b)(1)(iii) creates a discretionary suspension. *Department of Transportation, Bureau of Traffic Safety v. Lynch,* 77 Pa.Commonwealth Ct. 185, 465 A.2d 710 (1983).

We, thus, agree that the Section 1538(d) suspension is a discretionary one.

In *Sheets* we observed that there is no provision under the current Vehicle Code which requires that DOT be given notice of an appeal from the underlying criminal conviction. For this reason we determined that DOT is not obligated to expunge points because of a pending appeal in the criminal case. We believe that the same rationale should apply in the instant situation despite the fact that the imposition of the suspension here is discretionary rather than mandatory. Further, we note that it is just as likely that an appeal from a summary conviction in a case involving a discretionary suspension could subsequently result in reversal of the criminal conviction as it is where the suspension is mandatory. Therefore, we can see no legal basis for making a distinction.

Additionally, while the impact of a pending appeal in a criminal conviction under Section 1538(d)(1)(iii) has never been determined, we have held that an appeal does not serve to prevent the Department from assessing points under the virtually identical provision of Section 1538(b)(1)(iii) of the Vehicle Code. *Department of Transportation, Bureau of Traffic Safety v. Pinhas*, 98 Pa.Commonwealth Ct. 583, 511 A.2d 949 (1986). *Pinhas*, if not controlling, is certainly highly persuasive.[1]

Accordingly, based upon the foregoing discussion, we affirm the order of the Court of Common Pleas of Luzerne County.[2]

## ORDER

NOW, November 30, 1989, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.

**1.** Inasmuch as we have found no case directly on point, we shall deny DOT's request for counsel fees on the basis that this appeal is frivolous.

**2.** We note that at the hearing below Licensee was offered the benefit of a continuance pending final outcome of the criminal case which he, through his counsel, refused. Thus, he must now serve the suspension.