NOW, January 14, 1994, the decision of the Court of Common Pleas of Erie County, dated May 17, 1993, at No. 12829–1992, is reversed.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

v.

**Tamas ZAVODSKY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted May 7, 1993.

Decided Jan. 14, 1994.

William A. Kuhar, Jr., Asst. Counsel, David R. White, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In–Charge, Appellate Section, for appellant.

Harry W. Kennedy, for appellee.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge. *

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing, appeals from an order of the Court of Common Pleas of Allegheny County sustaining the appeal of the driver, Tamas Zavodsky, from the department's suspension of his driver's license for six months. Specifically, we are asked whether the department may impose a statutorily mandated civil penalty upon a driver convicted, by a district justice of the peace, of violating § 3733 of the Vehicle Code (Code), 75 Pa.C.S. § 3733, but who then appealed his underlying criminal conviction to a trial court which heard the case de novo and has not yet entered its judgment. We conclude that the department may impose a civil penalty under these circumstances and reverse the order of the trial court.

The facts, as found by the trial court are as follows. On February 2, 1992 the driver received a citation for violations of the Code. On March 5, a district justice convicted and sentenced the driver for violating §§ 3714, and 3733 of the Code, 75 Pa.C.S. §§ 3714 and 3733. The district justice, acting pursuant to § 6322 of the Code, 75 Pa.C.S. § 6322, notified the department of the driver's conviction under § 3733.

The driver filed a statutory appeal from the district justice's decision to the Common Pleas Court of Allegheny County in March at Docket No. S.A. 975 of 1992 (the criminal appeal). In May, a trial court judge held a hearing de novo after which he took the case under advisement.

Shortly thereafter, the department notified the driver that his license was going to be suspended pursuant to § 1532(b) of the Code, 75 Pa.C.S. § 1532(b), because of his conviction under § 3733. Section 1532(b) provides that "[t]he department shall suspend the op-

erating privilege of any driver for six months upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any offense under the following provisions: ... Section 3733 (relating to fleeing or attempting to elude police officer)."

The trial court judge later entered an order denying the driver's criminal appeal regarding his § 3714 violation. However, the judge has not yet entered an order addressing the driver's appeal from his § 3733 conviction. The driver, believing that the department cannot suspend his license unless he is found guilty by the trial court, filed a second statutory appeal, this time from the department's notice of suspension.

The new statutory appeal went before the Common Pleas Court of Allegheny County on June 4, 1992 at Docket No. S.A. 1783 of 1992 (the suspension appeal). A second judge heard the driver's suspension appeal. That judge held that the driver's pending criminal appeal acted as an automatic supersedeas precluding the department from enforcing the suspension until the first trial court judge finds the driver guilty under § 3733. The suspension appeal is the only matter before this court.

In reviewing the decision of the trial court, we are limited to determining whether necessary findings of fact are supported by competent evidence, and whether an error of law has been committed. *Department of Transportation, Bureau of Traffic Safety v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984). In addition, we are required to view the evidence in the light most favorable to the party that prevailed before the trial court. Therefore, the driver is entitled to all favorable facts and inferences which may reasonably be drawn from the evidence and all conflicts in the evidence must be resolved in his favor. *Department of Transportation, Bureau of Driver Licensing v. Malizio*, 152 Pa.Commonwealth Ct. 57, 618 A.2d 1091 (1992).

Initially, we note that the department contends that the trial court judge did not have any evidence in the record upon which to

base her conclusion that the driver appealed his conviction under § 3733 to the trial court in his criminal appeal. The department asserts that the documents presented before the trial court establishing that the driver appealed his conviction were not offered into evidence and cannot form the basis for the trial court's decision.

■ However, the department's assertion is not necessary for the resolution of this matter because the driver's pending criminal appeal is irrelevant to the matter of imposing civil penalties under the Code. (In any event, the trial transcript reveals that the driver presented certified court records to the court, and, of course, the trial court may take judicial notice of its own documents.)

The department's burden of proof in this case is not particularly cumbersome. All that the department needs to prove to suspend the driver's license is that the driver was convicted and that the department has statutory authority to suspend the driver's license. The trial court acknowledged that the department met its burden of proof. The decision of the court in the suspension appeal is quoted in pertinent part below:

This Court recognizes that once the Department produces a certified record proving a conviction, upon which its action is based, the burden then shifts to the motorist who must prove that he was not, in fact, convicted or that records or calculations are incorrect. However, in this case, the defendant proved that he filed an appeal of that conviction.

. . . .

[O]nce the defendant perfected the appeal at SA 975 of 1992 [the criminal appeal], that appeal acted as a supersedeas. The defendant produced competent and convincing documentation that he filed an appeal, to support this claim.

In summary, this Court agrees with the Commonwealth to the extent that by presenting the certified record of the conviction before the magistrate, the burden shifted to the defendant. However, in this case, the defendant has met his burden by establishing that he timely took an appeal of that conviction and the Court has yet to render a verdict after the de novo hearing.

Unless and until the defendant is found guilty of the violation of 75 Pa.C.S. Section 3733, the Department of Transportation cannot proceed under 75 Pa.C.S. Section 1532(b) and cannot properly suspend the defendant's license. Accordingly, for these reasons of fact and law, the defendant's appeal was properly sustained. (Citations omitted.)

We agree with the trial court in concluding that the department has met its burden of proof in this regard.

■ However, the trial court misapplied the supersedeas permitted drivers under § 1550 of the Code, 75 Pa.C.S. § 1550. Under § 1550(b)(1) of the Code, 75 Pa.C.S. 1550(b)(1), supersedeas operates only "until final determination of the matter," and § 1550(c) of the Code, 75 Pa.C.S. § 1550(c), states that the function of the trial court is to determine "whether the petitioner is in fact the person whose operating privilege is subject to . . . suspension." The Pennsylvania Supreme Court recently confirmed that purport of § 1550 as follows:

[T]he Legislature has specifically addressed the discretion of the trial court to grant a supersedeas of a suspension order through 75 Pa.C.S. § 1550. Pursuant to Section 1550, review of a mandatory suspension by a trial court is limited to a determination of whether the aggrieved party is actually the person whose operating privilege is subject to suspension, unless it involves the disqualification of a commercial operating privilege . . . In all other cases, the Legislature has provided for only a limited supersedeas of the suspension order until final determination by the trial court of whether the suspension has been imposed upon the proper person.

*Commonwealth v. Wolf*, 534 Pa. 283, —— – ——, 632 A.2d 864, 866, 867 (1993) (citations omitted). Therefore, the driver can be granted a supersedeas only until the trial court determines that he was convicted and that the department has statutory authority to suspend his license, not until his criminal appeal is resolved.

Furthermore, the Supreme Court in *Wolf* specifically rejected the suggestion that an

appeal from a driving conviction acts as a supersedeas until a court issues a final determination of guilt or innocence. The court held as follows:

> [W]e conclude that the mandatory one year suspension imposed upon conviction for [driving under the influence of alcohol] does not entitle Petitioner to a stay of his suspension pending appeal of his conviction, and that the trial court possesses no authority to stay the mandatory suspension beyond the date of sentencing under the facts of this case.

*Id.* at ——, 632 A.2d at 865. Therefore, the Supreme Court has indicated that a supersedeas under § 1550 may only be used for the purpose of determining whether the proper party is before the court, and not for the purpose of postponing imposition of civil penalties.

This court, in *Budjnoski v. Department of Transportation, Bureau of Traffic Safety,* 130 Pa.Commonwealth Ct. 27, 566 A.2d 936 (1989), held that the department may impose administrative penalties despite the fact that an appeal from the underlying criminal conviction for a summary offense is pending before another trial court. In *Budjnoski* this court permitted the department to impose discretionary civil penalties while the licensee's criminal appeal was pending. In our case the department is not granted any discretion in imposing the civil penalty.

■ The fact that the driver here appealed from a conviction by a district justice, which allows the trial court to conduct a full de novo review, does not distinguish this case from *Wolf* and *Budjnoski.* A conviction is a conviction no matter from which court it issues. Nonetheless, this court has previously held that an appeal from a district justice conviction does not effect a supersedeas of a driver's license suspension. *Department of Transportation, Bureau of Traffic Safety v. Sheets,* 49 Pa.Commonwealth Ct. 175, 410 A.2d 1295 (1980).

■ Therefore, even though the trial court judge found that the driver appealed his conviction for eluding the police, and that the appeal is still pending, those facts are insufficient to allow the trial court to sustain the driver's appeal from the department's statutorily-mandated civil penalty.

Accordingly, the order of the trial court sustaining the driver's appeal is reversed.

This decision was reached before the conclusion of Judge PALLADINO's service.

### ORDER

NOW, January 14, 1994, the order of the Court of Common Pleas of Allegheny County dated January 11, 1993, at Docket No. S.A. 1783 of 1992, is reversed.