Hannah Elisabeth LEVINSON

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2007.
Decided June 26, 2007.

Timothy P. Wile, Asst. Counsel In–Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of respondent.

BEFORE: LEADBETTER, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the October 3, 2006, order of the Court of Common Pleas of Allegheny County (trial

court), which sustained Hannah Elisabeth Levinson's (Licensee)[1] appeal from the ninety-day suspension of Licensee's driving privileges imposed by DOT pursuant to section 1532(d) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(d).[2] We reverse.

On November 11, 2005, Licensee, an Allegheny County resident, was cited in Northampton County for underage drinking, a violation of section 6308 of the Crimes Code, 18 Pa.C.S. § 6308. A Magisterial District Justice convicted Licensee of that charge on January 17, 2006. On January 18, 2006, pursuant to section 6310.4(a) of the Crimes Code, 18 Pa.C.S. § 6310.4(a), the Magisterial District Justice certified to DOT that Licensee was convicted of underage drinking and ordered DOT to suspend Licensee's operating privileges.[3] By letter dated February 1, 2006, DOT notified Licensee that her operating privileges would be suspended for ninety-days as the result of her underage drinking violation. Licensee filed a statutory appeal with the trial court on February 21, 2006, and a de novo hearing was held on October 3, 2006.

At the hearing, DOT presented documents consisting of: the February 1, 2006, suspension notice; the Magisterial District Justice's January 18, 2006, certification of Licensee's January 17, 2006, conviction for underage drinking; and Licensee's certified driving record. Licensee did not appear at the hearing;[4] however, she was represented by counsel who alleged that Licensee had filed an appeal of the January 17, 2006, conviction on February 16, 2006, and that, by order dated September 1, 2006, the Court of Common Pleas of Northampton County dismissed Licensee's underage drinking charge after she completed an accelerated rehabilitative disposition (ARD) program (Northampton Order). Licensee's counsel then argued that, because the Northampton County court dismissed Licensee's underlying underage drinking charge, there was no conviction to support DOT's suspension action.

■ By order dated October 3, 2006, the trial court sustained Licensee's appeal, and, on December 1, 2006, the trial court issued a Pa. R.A.P.1925(a) opinion to support the October 3, 2006, order. In the opinion, the trial court concluded, *inter alia*, that: (1) Licensee successfully completed an ARD program; (2) the Northampton County court dismissed her underage drinking charge on September 1, 2006; and (3) DOT violated Licensee's due process rights by suspending her operating privileges before the thirty day appeal period had elapsed on her January 17, 2006, conviction. DOT now appeals to this court.[5]

1. Licensee is not participating in this appeal.

2. Section 1532(d) of the Code, in relevant part, requires DOT to suspend the operating privilege of a licensee for ninety days, upon receiving a certified record of the licensee's conviction, adjudication of delinquency or admission into a preadjudication program for a violation under section 6308 of the Crimes Code, 18 Pa.C.S. § 6308 (relating to the purchase, consumption, possession or transportation of liquor or malt or brewed beverages by minors).

3. Section 6310.4(a) of the Crimes Code states that whenever a person is convicted, or is adjudicated delinquent or is admitted to any preadjudication program for violating, *inter alia*, section 6308 of the Crimes Code, the court shall order the operating privileges of the person suspended, and the court shall transmit a copy of the order to DOT.

4. Licensee was attending college.

5. Our scope of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision. *Spera v. Department of Transportation, Bureau of Driver Licensing*, 817 A.2d 1236 (Pa.Cmwlth.), *appeal denied*, 576 Pa. 728, 841 A.2d 534 (2003)

■ DOT first argues that the trial court's "finding" that the Northampton trial court dismissed Licensee's underage drinking charge on September 1, 2006, is not supported by competent evidence in the record. DOT maintains that the trial court erred in relying on representations by Licensee's counsel regarding the Northampton Order because the order was never introduced into evidence. Alternatively, DOT asserts that Licensee's admission into the ARD program is sufficient to support its suspension of her operating privileges under section § 1532(d) of the Code. We agree with DOT's alternative argument.[6]

Section 1532(d) of the Code states, in pertinent part, that DOT will suspend the operating privileges of any person upon receiving a certified record of the driver's conviction *or admission into a preadjudication program* for underage drinking in violation of section 6308 of the Crimes Code. Section 6310.4(a) of the Crimes Code also provides, *inter alia*, that, whenever a person is *admitted into any preadjudication program for underage drinking,* the court shall order the operating privileges of the person suspended. Because Licensee's admission into the ARD program supported DOT's suspension of Licensee's operating privileges under two separate statutes, the trial court erred in concluding that Licensee's successful completion of ARD, along with the subsequent Northampton Order dismissing the underage drinking charge against Licensee, rendered DOT's suspension improper.

■ In addition, we agree with DOT's final argument that the trial court erred in sustaining Licensee's appeal based on its determination that DOT violated Licensee's due process rights by suspending her operating privileges before the thirty-day appeal period for Licensee's January 17, 2006, conviction had elapsed. First, we note that a review of the record reveals that, although Licensee was *notified* of her suspension in a letter *dated February 1, 2006,* that letter indicated that Licensee's suspension was not *effective* until *March 8, 2006,* which was after the appeal period had elapsed. (R.R. at 7a.) Moreover, a licensee's summary *criminal appeal* from an underlying conviction is irrelevant to the imposition of the *civil* sanction of an operating privilege suspension under the Code. *Department of Transportation, Bureau of Driver Licensing v. Zavodsky,* 161 Pa.Cmwlth. 421, 637 A.2d 673 (1994). Nor does it act as a stay or supersedeas of that suspension. Id. DOT may impose administrative penalties pursuant to the Code despite the fact that an appeal from the underlying criminal conviction for a summary offense is pending before another trial court. *Id.* Finally, where a licensee appeals the underlying criminal conviction, section 1555 of the Code, 75 Pa.C.S. § 1755, provides that the licensee may delay the mandatory suspension of her operating privileges for up to twelve months by having the trial court certify to DOT that the licensee has filed a timely appeal.

Accordingly, we reverse.

---

**6.** We decline to base our decision on DOT's first argument where, although the Northampton Order was not formally admitted into the record, the hearing transcript reflects that the Northampton Order was shown to DOT's counsel during the proceeding, and DOT's counsel did not object to its admission. (*See* R.R. at 13a, 15a.) Further, DOT has never disputed that the Northampton Order effectively dismissed Licensee's underage drinking charge after her completion of the ARD program, (*see* DOT's brief at 9), and the trial court specifically found that "[Licensee's] counsel introduced records from [Licensee's] conviction in Northampton County with a dismissal by the Court of Common Pleas of Northampton County." (Trial ct. op. at 1; R.R. at 38a.)

*ORDER*

AND NOW, this 26th day of June, 2007, the order of the Court of Common Pleas of Allegheny County, dated October 3, 2006, is hereby reversed.