## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Redd, Jr.                              :
                                                 :
                    v.                           :
                                                 :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing,                      :    No. 364 C.D. 2015
                              Appellant           :    Submitted: October 2, 2015


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: February 17, 2016

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driving Licensing (DOT) appeals from the Lancaster County Common Pleas Court's (trial court) February 25, 2015 order reversing DOT's order suspending Thomas W. Redd, Jr.'s (Licensee) driving privileges for 90 days. The sole issue before this Court is whether the trial court erred when it sustained Licensee's appeal and reversed DOT's suspension due to Licensee's violation of Section 6308 of the Crimes Code[2] (Section 6308 violation).

On August 31, 2014, Licensee was cited for a Section 6308 violation. On November 8, 2014, pursuant to Section 6310.4(a) of the Crimes Code, 18 Pa.C.S.

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] 18 Pa.C.S. § 6308 (prohibiting the purchase, consumption, possession, or transportation of liquor or malt or brewed beverages by individuals under the age of twenty-one).

§ 6310.4(a),[3] and Section 1534(a) of the Vehicle Code, 75 Pa.C.S. § 1534(a),[4] the Philadelphia Municipal Court notified DOT by form DL-21C that Licensee had been convicted of the Section 6308 violation. By November 19, 2014 letter, DOT notified Licensee that, in accordance with Section 1532(d) of the Vehicle Code,[5] his driving privileges would be suspended for 90 days.

Licensee appealed from the suspension to the trial court. At the trial court hearing, DOT presented form DL-21C. Licensee testified that he enrolled in the Philadelphia Municipal Court Summary Diversion Program (Program), an

---

[3] Section 6310.4(a) of the Crimes Code provides:

> Whenever a person is convicted . . . or is admitted to any preadjudication program for a violation of [S]ection . . . 6308 [of the Crimes Code] . . . , the court. . . shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to [DOT].

18 Pa.C.S. § 6310.4(a).

[4] Section 1534(a) of the Vehicle Code states:

> Except as provided in subsection (b) [(pertaining to offenses relating to driving under the influence of alcohol or controlled substances)], if a person is arrested for any offense enumerated in [S]ection 1532 (relating to revocation or suspension of operating privilege) and is offered and accepts Accelerated Rehabilitative Disposition under general rules, the court shall promptly notify [DOT].

75 Pa.C.S. § 1534(a).

[5] Section 1532(d) of the Vehicle Code states, in relevant part:

> [DOT] shall suspend the operating privilege of any person upon receiving a certified record of the driver's conviction, . . . or admission into a preadjudication program for a violation under . . . [Section] 6308 [of the Crimes Code] . . . . The duration of the suspension shall be as follows:
>
> > (1) For a first offense, [DOT] shall impose a suspension for a period of 90 days.

75 Pa.C.S. § 1532(d).

2

Accelerated Rehabilitative Disposition-type program, for the Section 6308 violation. Upon the successful completion of the Program, the charge was withdrawn and Licensee's record was expunged.[6] In support of his testimony, Licensee produced a receipt from the Philadelphia Municipal Court evidencing payment of the Program class fee. After Licensee testified, the trial court asked DOT's counsel for case law supporting DOT's contention that Licensee's license must be suspended even after successful completion of the Program and record expungement. Because DOT's counsel failed to provide supporting case law, the trial court sustained Licensee's appeal and rescinded the suspension.

The trial court, in its Pa.R.A.P. 1925(a) Opinion, acknowledged that it erred in sustaining Licensee's appeal:

> It is now apparent that [DOT] did act in accordance with the applicable statute but [the trial court] disregarded the clear language of [Section] 1532(d) of the . . . Vehicle Code requiring [DOT] to impose a 90-day suspension 'upon receiving a certified record of the driver's . . . or admission

---

[6] The trial court explained in its 1925(a) Opinion that:

> The facts suggest that the [] form DL-21C was incorrectly filled out by the Municipal Court. The Clerk is directed on the form to 'check one' of three possible dispositions: conviction; preadjudication disposition; or adjudication of delinquency. 'Conviction' was checked on [Licensee's] DL-21C (see Commonwealth Exhibit 1), although the facts established at the hearing were that [Licensee] was accepted into a diversion or preadjudication program. A diversion program is an alternative to prosecution where the defendant does not plead 'guilty' or 'not guilty' but rather the case is *diverted* out of the trial track and placed into a pre-trial status where it remains until the requirements of the program are successfully completed. There is no conviction of a crime. Upon successful completion of the diversion program, the charges are withdrawn or dismissed and the record expunged, leaving no evidence of ever being charged. This is clearly what happened in [Licensee's] case.

*Id*. at 2-3 n.5.

into a preadjudication program for a violation under . . . [Section] 6308 [of the Crimes Code]. . .', 75 Pa.C.S.[] § 1532(d)(1), and the case law that has interpreted this statutory language.

*Id*. at 5. DOT appealed to this Court.[7,8]

DOT argues that the trial court erred when it sustained Licensee's appeal and reversed DOT's 90-day license suspension on the basis that Licensee had successfully completed the Program and his record had been expunged. We agree.

This Court has held that

Section 1532(d) of the [Vehicle] Code states, in pertinent part, that DOT **will suspend** the operating privileges of any person **upon receiving a certified record of the driver's conviction** *or admission into a preadjudication program* for underage drinking in violation of [S]ection 6308 of the Crimes Code. Section 6310.4(a) of the Crimes Code also provides, *inter alia*, that, **whenever a person is** *admitted into any preadjudication program for underage drinking*, **the court shall order the operating privileges of the person suspended**.

*Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1286 (Pa. Cmwlth. 2007) (bold emphasis added). Thus, notwithstanding Licensee's successful completion of the Program and the expungement of his record, DOT was required to suspend Licensee's operating privileges under Section 1532(d) of the Vehicle Code.

Accordingly, the trial court's order is reversed.

_____
ANNE E. COVEY, Judge

---

[7] "Our scope of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision." *Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1285 n.5 (Pa. Cmwlth. 2007).

[8] Because Licensee failed to comply with this Court's August 24, 2015 order directing him to file a brief in this appeal, he was precluded from filing one.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas W. Redd, Jr.            :
                                  :
              v.                    :
                                  :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing,        :    No. 364 C.D. 2015
                  Appellant    :

## O R D E R

AND NOW, this 17th day of February, 2016, the Lancaster County Common Pleas Court's February 25, 2015 order is reversed.

_____
ANNE E. COVEY, Judge