IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Victor Joseph Thorpe | : | |
| | : | |
| v. | : | No. 1095 C.D. 2018 |
| | : | Submitted: April 26, 2019 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| | : | |
| Appellant | : | |

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION BY JUDGE WOJCIK                          FILED:  July 12, 2019

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals the order of the Allegheny County Court of Common Pleas (trial court) that sustained the appeal of Victor Joseph Thorpe (Licensee) from DOT's 90-day suspension of his operating privilege pursuant to Section 1532(d)(1) of the Vehicle Code.[1]  We affirm.

_____

[1] 75 Pa. C.S. §1532(d)(1).  Section 1532(d)(1) states, in relevant part:

> **(d) Additional suspension.**—[DOT] shall suspend the operating privilege of any person upon receiving a certified record of the driver's . . . admission into a preadjudication program for a violation under 18 Pa. C.S. §[]6308 (relating to purchase, consumption, possession or transportation  of liquor or malt or brewed beverages)[.]  The duration of the suspension shall be as follows:
>
> (1) For a first offense, [DOT] shall impose a suspension for a period of 90 days.

On September 17, 2017, Licensee was cited for a violation of Section 6308 of the Crimes Code.[2] On March 8, 2018, pursuant to Section 6310.4(a), (b)(1) of the Crimes Code,[3] the Mercer County Court of Common Pleas (Mercer County Court) notified DOT via an electronically transmitted Form DL-21C that Licensee had a "Preadjudicative Disposition" of the charge. *See* Reproduced Record (R.R.) at 22a. By March 16, 2018 letter, DOT notified Licensee of the suspension pursuant to Section 1532(d)(1) of the Vehicle Code. *See id.* at 18a-21a. Licensee appealed to the trial court.

At the trial court hearing, DOT offered into evidence a packet of documents, marked as Exhibit 1. R.R. at 11a. As stated by DOT's counsel at the

---

[2] 18 Pa. C.S. §6308 (prohibiting the purchase, consumption, possession, or transportation of liquor or malt or brewed beverages by individuals under the age of 21 years of age).

[3] 18 Pa. C.S. §6310.4(a), (b)(1) (repealed effective April 22, 2019). The former Section 6310.4(a) and (b)(1) stated, in pertinent part:

> **(a) General rule.**—Whenever a person . . . is admitted to any preadjudication program for a violation of section . . . 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages)[,] the court . . . shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to [DOT].

> **(b) Duration of suspension.**—When [DOT] suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

> (1) For a first offense, a period of 90 days from the date of suspension.

*See also* Section 1534(a) of the Vehicle Code, 75 Pa. C.S. §1534(a) ("[I]f a person is arrested for any offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) and is offered and accepts Accelerated Rehabilitative Disposition [(ARD)] under general rules, the court shall promptly notify [DOT].").

hearing, Document 2 of Exhibit 1 is the Form DL-21C "that was electronically transmitted to [DOT] by the office of the Clerk of [the Mercer County Court] on March 8th of [2018]," which "shows that [Licensee] received a preadjudication disposition from the Mercer County [Court] on the charge of violating [S]ection 6308 of the Crimes Code, the date of that offense being September 17, 2017." *Id.* at 11a-12a. Following the trial court's admission of the documents, DOT rested its case. *Id.* at 12a.

Licensee's counsel argued that DOT's Exhibit 1, although certified by DOT, was not sufficient to support Licensee's suspension because DOT was required to present documents certified by the Mercer County Court to sustain its burden of proof. R.R. at 13a, 14a. With respect to DOT's evidence, specifically the Form DL-21C, counsel stated:

> Well, I don't know if that is from Mercer County, sir, or if it is not. But if you kindly look at the document for the certification that [DOT's counsel] is referring to, it is clearly a []DOT document, because there's a []DOT seal on the top left-hand side, the left-hand portion of the document that was submitted. There's no seal from Mercer County, and there's nothing establishing that whatever certification they're alleging [] was received from Mercer County.

*Id.* at 15a. The trial court agreed, and sustained Licensee's appeal. *Id. See also id.* at 28a. DOT then filed the instant appeal to this Court.

On appeal,[4] DOT alleges that the trial court erred in sustaining Licensee's appeal based on the admissibility of the Form DL-21C that was

---

[4] "Our scope of review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision." *Levinson v. Department of Transportation, Bureau of Driver Licensing*, 926 A.2d 1284, 1285 n.5 (Pa. Cmwlth. 2007).

3

electronically transmitted to DOT. Nevertheless, assuming *arguendo* that DOT's allegation of error in this regard is correct,[5] the record in this case demonstrates that Licensee's appeal of the suspension should be sustained because, as conceded by DOT, "[t]he 'Date of Disposition' block on the DL-21C form is not completed. (R.R. 22a)." Brief for Appellant at 18 n.8. Thus, the irregularity of the only evidence offered by DOT to support the instant license suspension is manifest.

As this Court has explained:

> "In a license suspension case, the only issues are whether the criminal court convicted the licensee, and whether [DOT] acted in accordance with applicable law." [DOT] bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. An essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension. [DOT] must also establish it acted in accordance with applicable law.

*Rawson v. Department of Transportation, Bureau of Driver Licensing*, 99 A.3d 143, 147 (Pa. Cmwlth. 2014) (citations omitted).

Former Section 6310.4(a) of the Crimes Code, 18 Pa. C.S. §6310.4(a) (repealed), stated that "[w]henever a person . . . is admitted to any preadjudication program for a violation of section . . . 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages)[,] the court . . . shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to [DOT]." *See also* Section 1534(a) of the Vehicle Code, 75 Pa. C.S.

---

[5] *See, e.g.*, *Holt v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 2232 C.D. 2015, filed June 13, 2017), slip op. at 9-14; Sections 6103, 6109 of the Judicial Code, 42 Pa. C.S. §§6103, 6109; Sections 1516, 1550 of the Vehicle Code, 75 Pa. C.S. §§1516, 1550; Pa. R. Crim. P. 471, 771. *See also* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

§1534(a) ("[I]f a person is arrested for any offense enumerated in section 1532 (relating to revocation or suspension of operating privilege) and is offered and accepts [ARD] under general rules, the court shall promptly notify [DOT]."); Section 6323(1), 75 Pa. C.S. §6323(1) ("The clerk of any court of this Commonwealth, within ten days after . . . other disposition of charges under any of the provisions of this title . . . shall send to [DOT] a record of the judgment of . . . other disposition.").

With respect to the forms transmitted to DOT, Section 81.1 of DOT's regulations states:

> This chapter defines more fully the requirements of 75 Pa. C.S. §§1534, 1771, 6104(a)[6] and 6323 (relating to notice of acceptance of [ARD]; court reports on nonpayment of judgments; administrative duties of [DOT]; and reports by courts of record) by *specifying the information which shall be indicated in a certified copy of a judgment . . . in a report by a court of record* in order to facilitate the obligation of the [DOT] to implement 75 Pa. C.S. (relating to Vehicle Code) and other statutes administered by the [DOT].

67 Pa. Code §81.1 (emphasis added).

In turn, Section 81.4(a) of DOT's regulations states, "The clerk of a court of record of this Commonwealth, within 10 days after final judgment of . . . other disposition of charges . . . shall send to [DOT] a record of the judgment of . . .

---

[6] Section 6104(a) of the Vehicle Code states:

> **(a) Forms.**—[DOT] shall prescribe suitable forms of applications, certificates of title, registration cards, drivers' licenses and all other forms requisite or deemed necessary to carry out the provisions of this title and any other laws the administration of which is vested in [DOT].

75 Pa. C.S. §6104(a).

other disposition on Form DL-21." 67 Pa. Code §81.4(a). *See also* Section 81.2(a), 67 Pa. Code §81.2(a) ("If a person is offered and accepts [ARD] under the Pennsylvania Rules of Criminal Procedure for any offense enumerated in 75 Pa. C.S. §1532 (relating to revocation or suspension of operating privilege), . . . the court shall promptly notify [DOT] on Form DL-21A, under 75 Pa. C.S. §1534 (relating to notice of acceptance of [ARD]).").

Additionally, Section 81.4(b)(4) of DOT's regulations states that "[t]he report of the clerk of court . . . , Form DL-21, *shall indicate*: . . . (4) Date of conviction or acquittal." 67 Pa. Code §81.4(b)(4) (emphasis added). *See also* Section 81.2(b)(4), 67 Pa. Code §81.2(b)(4) ("The report of the clerk of court, Form DL-21A, *shall indicate*: . . . (4) Date individual was placed on [ARD].") (emphasis added).

Moreover, Section 81.4(c) of DOT's regulations states:

> (c) *Incomplete report*. [DOT] *will not process the report of the clerk of court* showing conviction or acquittal *unless all the required information indicated in subsection (b) is provided* to [DOT]. *An incomplete Form DL-21 will be returned to the clerk of court for completion*.

67 Pa. Code §81.4(c) (emphasis added). *See also* Section 81.2(c), 67 Pa. Code §81.2(c) ("[DOT] *will not process the report of the clerk of court* showing [ARD] *unless all the required information indicated in subsection (b) is provided* to [DOT]. *An incomplete Form DL-21A will be returned to the clerk of court for completion*.") (emphasis added).

As conceded by DOT herein, the "Date of Disposition" of Licensee's "Preadjudicative Disposition" of the instant charge has been omitted from the Form DL-21C that was submitted to DOT by the Mercer County Court. *See* R.R. at 22a. This is the only evidence submitted by DOT to support the instant license

6

suspension, *id.* at 11a-12a, and this evidence is missing critical information that is required to be stated therein pursuant to DOT's regulations. 67 Pa. Code §§81.2(b)(4), 81.4(b)(4).

Moreover, pursuant to its regulations, DOT was compelled to refuse to process the instant Form DL-21C submitted by the Mercer County Court because it is missing this required information, and to return the Form DL-21C to that court for completion. 67 Pa. Code §§81.2(c); 81.4(c).

Based on the foregoing, pursuant to its regulations,[7] DOT should not have processed the instant license suspension based upon the defective Form DL-21C that was submitted by the Mercer County Court; rather, DOT should have returned the incomplete Form DL-21C to the Mercer County Court for completion to include the "Date of Disposition" of Licensee's "Preadjudicative Disposition" of the instant charge. Because the defective Form DL-21C was the only evidence introduced by DOT to establish its *prima facie* case supporting the instant license suspension, and because Licensee made no admissions with respect to the charge or the disposition of the charge underlying the suspension, the trial court did not err in sustaining Licensee's appeal because DOT improperly imposed the suspension based on the defective Form DL-21C.

Accordingly, the trial court's order is affirmed. [8]

---

[7] These regulations "ha[ve] the force of law and [are] as binding as a statute on a reviewing court." *Rostosky v. Department of Environmental Resources*, 364 A.2d 761, 763 (Pa. Cmwlth. 1976) (citations omitted).

[8] It is well settled that this Court may affirm on other grounds where the grounds for affirmance exist. *Karl Smith Development Company v. Borough of Aspinwall*, 558 A.2d 181, 185 n.6 (Pa. Cmwlth. 1989).

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Victor Joseph Thorpe | : | |
| | : | |
| v. | : | No. 1095 C.D. 2018 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 12th day of July, 2019, the order of the Allegheny County Court of Common Pleas dated July 26, 2018, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge