IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Catherine Roche,                    :
                          Appellant         :
                                            :
          v.                                :     No.  1706 C.D. 2019
                                            :     Submitted:  January 29, 2021
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Driver Licensing                 :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  September 14, 2021


          Alexis Catherine Roche (Licensee) appeals from the order of the
Schuylkill County Court of Common Pleas (Trial Court) that denied her statutory
appeal from the 90-day suspension of her operating privilege imposed by the
Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver
Licensing (PennDOT) for her entry into a preadjudication program for an underage
drinking offense.  She argues that PennDOT did not comply with its regulations
regarding the necessity for a properly completed DL-21 Form containing all the
information required by 67 Pa. Code §81.2.  She maintains PennDOT had a duty to
return the incomplete conviction report.  As a result, she contends PennDOT lacked
the legal authority to impose a suspension.  Upon review, we agree and reverse.

## I. Background

Licensee was charged with underage drinking, under 18 Pa. C.S. §6308, for which she was convicted on November 5, 2018. Licensee appealed her conviction to the Court of Common Pleas of the 26th Judicial District, Columbia County Branch, in December 2018. In March 2019, she was placed in a preadjudication program, *i.e.*, accelerated rehabilitation disposition (ARD), in Columbia County.

By notice mailed November 16, 2018, PennDOT informed Licensee that it was suspending her license for her underage drinking offense pursuant to 75 Pa. C.S. §1532(d). *See* Reproduced Record (R.R.) at 9a.[1] Licensee moved to Schuylkill County and contested her suspension in the Trial Court.

The Trial Court conducted a *de novo* hearing in September 2019.[2] Although she was represented by counsel, Licensee did not testify. At the time of Licensee's conviction, PennDOT argued, the law provided that anyone who purchases, consumes, possesses or transports liquor or malt or brewed beverages under the age of 21 was subject to license suspension. *See former* 18 Pa. C.S. §6310.4.[3] It submitted Licensee's certified driving record (Ex. 1) and the DL-21C Form showing that, for

---

[1] Though Licensee did not paginate the reproduced record using Arabic numbers followed by a small "a" as required by Pa.R.A.P. 2173, references to the reproduced record in this opinion shall use the proper form, "R.R. at __a."

[2] Because Section 6310.4 of the Crimes Code, 18 Pa. C.S. §6310.4, was repealed by the Act of October 24, 2018, P.L. 659, effective April 22, 2019, the parties continued the date of the hearing multiple times to address the change in law in their briefs to the Trial Court. *See* Reproduced Record (R.R.) at 14a-17a. Licensee's counsel also asserted there was no final disposition of the underage drinking offense, 18 Pa. C.S. §6308.

[3] Former Section 6310.4 of the Crimes Code stated in pertinent part: "[w]henever a person . . . is admitted to any preadjudication program for a violation of [S]ection . . . 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages)[,] the court . . . shall order the operating privilege of the person suspended." *Formerly* 18 Pa. C.S. §6310.4.

a September 2018 underage drinking violation, Licensee was accepted into the ARD program in Columbia County (Ex. 2).  PennDOT's Br., App. A.

On October 21, 2019, the Trial Court issued an order denying Licensee's statutory appeal.   In its opinion, it agreed with PennDOT that the statute in effect at the date of conviction/disposition controlled and it determined that PennDOT was not required to reject an incomplete report, notwithstanding its regulations to the contrary and this Court's decision in *Thorpe v. Department of Transportation, Bureau of Driver Licensing*, 214 A.3d 335 (Pa. Cmwlth. 2019), construing same.  Licensee sought reconsideration, which the Trial Court also denied.  Licensee then appealed the matter to this Court.

## II. Discussion

On appeal,[4] Licensee challenges the Trial Court's decision to deny the statutory appeal of her 90-day license suspension.  She asserts that PennDOT lacked the legal authority to suspend her license, alleging it did not obtain the requisite information required by the regulations prior to proceeding with the suspension.[5]  Specifically, she argues the Trial Court misapplied 67 Pa. Code §81.2, in that the

---

[4] Our review in a license suspension case is limited to determining whether necessary findings are supported by competent evidence of record and whether the trial court committed an error of law or abused its discretion in making its decision.  *Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1285 (Pa. Cmwlth. 2007).

[5] We are unmoved by Licensee's arguments, in issues 1 and 2 of her Statement of Issues, that Exhibit 2 was not included in the record and therefore is not properly considered.  *See* Licensee's Br. at 5.  This argument is contradicted by the record showing Exhibit 2 was presented to the Trial Court and weighed in its decision.  *See* R.R. at 122a.  For the same reason, we reject Licensee's contention that this Court may not engage in meaningful appellate review based on the purported omission of Exhibit 2 from the record.  Further, as both parties thoroughly briefed the contents of the DL-21 Form submitted, (*i.e.*, Ex. 2), and the Trial Court considered these arguments in its opinion, we conclude the record contains sufficient information to allow this Court to consider the merits of Licensee's appeal.

3

regulation requires a completed DL Form showing the disposition. *See also* 67 Pa. Code §81.4 (relating to completed form showing conviction or acquittal).

At its core, this license suspension appeal hinges on what information PennDOT had at the time it suspended Licensee's operating privilege, and whether the information was sufficient to authorize the suspension based on the regulations requiring a complete DL-21 Form. Premised on the alleged defects in the Form, Licensee argues PennDOT did not meet its *prima facie* burden. In support, she relies on this Court's decision in *Thorpe*. She also contends that the ARD order was not submitted to PennDOT as required by its regulations. 67 Pa. Code §81.2(b)(7).

Primarily, Licensee contends that PennDOT lacked the authority to suspend her license because the DL-21 Form submitted, a DL-21C Form, did not contain the requisite information to report her admission into an ARD program (which should have been reported using a DL-21**A** Form), pursuant to PennDOT's regulations, 67 Pa. Code §§81.2-81.4. Because the wrong form was submitted, and it was incomplete, she asserts PennDOT lacked the authority to impose a suspension.

In a license suspension case, the only issues are whether a criminal court convicted the licensee and whether PennDOT's suspension complied with applicable law. *Gayman v. Dep't of Transp., Bureau of Driver Licensing*, 65 A.3d 1041 (Pa. Cmwlth. 2013). PennDOT bears the initial burden to establish a *prima facie* case that a record of conviction supports a suspension. *Id.* Critically, "[a]n essential part of satisfying this burden is the production of an official record of the conviction supporting the suspension." *Rawson v. Dep't of Transp., Bureau of Driver Licensing*, 99 A.3d 143, 147 (Pa. Cmwlth. 2014). Moreover, "[PennDOT] must also establish it acted in accordance with applicable law." *Id.*

4

This case involves the contents on a DL-21 Form as a prerequisite for PennDOT to impose a suspension against a licensee. Here, Licensee argues the following information was omitted from the Form: description of the charge, 67 Pa. Code §81.2(b)(5); the section, subsection, and name of the act violated, 67 Pa. Code §81.2(b)(6); and the terms and conditions of ARD, 67 Pa. Code §81.2(b)(7). *See* Licensee's Br. at 11.

Section 1532(d)(1) of the Vehicle Code states,[6] in pertinent part, that PennDOT shall suspend the operating privilege of any person upon receiving a certified record of the driver's conviction or admission into a preadjudication program for underage drinking in violation of Section 6308 of the Crimes Code, 18 Pa. C.S. §6308. *See Levinson v. Dep't of Transp., Bureau of Driver Licensing*, 926 A.2d 1284, 1286 (Pa. Cmwlth. 2007). Accordingly, the records that PennDOT received, the contents of the DL-21 Form submitted, and its compliance with regulations, are key to our disposition.

At the time of Licensee's offense and conviction, the suspension statute in effect was former Section 6310.4(a) of the Crimes Code, 18 Pa. C.S. §6310.4(a) (repealed), which required suspension of the operating privilege of a person admitted to ARD for the underage drinking offense here in question, 18 Pa. C.S. §6308. Notwithstanding that the Trial Court erred in determining that the statute in effect as

_____

[6] Section 1532(d)(1) of the Vehicle Code states, in relevant part:

(d) Additional suspension.--[PennDOT] shall suspend the operating privilege of any person upon receiving a certified record of the driver's . . . admission into a preadjudication program for a violation under 18 Pa. C.S. §6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages)[.] The duration of the suspension shall be as follows:

(1) For a first offense, [PennDOT] shall impose a suspension for a period of 90 days.

75 Pa. C.S. §1532(d)(1).

of the date of conviction controlled,[7] Licensee did not raise that issue to this Court. As a consequence, that issue is not before us; regardless, it is unnecessary to address it in light of our disposition.

## A. Conformity of DL Form to Regulations

Relevant here, PennDOT's regulation pertaining to ARD, 67 Pa. Code §81.2, provides in full:

(a)  General rule. If a person is offered and accepts [ARD] under the Pennsylvania Rules of Criminal Procedure for any offense enumerated in 75 Pa. C.S. §1532 (relating to revocation or suspension of operating privilege), or for an offense enumerated in any other act in the commission of which a motor vehicle was used, the court shall promptly notify [PennDOT] on Form DL-21A, under 75 Pa. C.S. §1534 (relating to notice of acceptance of [ARD]).

(b)  Content of the report. The report of the clerk of court, Form DL-21A, shall indicate:

  (1)  Name and current address of individual placed on [ARD].
  (2)  Operator's number or date of birth, or both, of individual placed on [ARD].
  (3)  Date of violation.
  (4)  Date individual was placed on [ARD].
  (5)  Description of charge.
  (6)  Section, subsection and name of the act violated.
  (7)  Terms and conditions of [ARD].
  (8)  Court, term and number.
  (9)  Seal.

(c) Incomplete report. [PennDOT] will not process the report of the clerk of court showing [ARD] unless all the required information indicated in subsection (b) is provided to [PennDOT].  An incomplete Form DL-21A will be returned to the clerk of court for completion.

---

[7] Under recent precedent, the date of conviction does not control; rather the date of final disposition by the trial court does.  *See Ganoe v. Dep't of Transp., Bureau of Driver Licensing*, 247 A.3d 91, 99 (Pa. Cmwlth. 2021) (*en banc*).  Here, the Trial Court issued its decision on Licensee's appeal *after* the change in law, effective April 2019, such that it should have applied the current law, which repealed the provision mandating suspension for underage drinking.

6

67 Pa. Code §81.2 (emphasis added).  Section 81.1 of the regulations sets forth the purpose of the forms transmitted to PennDOT as follows:

> This chapter defines more fully the requirements of 75 Pa. C.S. §§1534, 1771, 6104(a)[(6)] and 6323 (relating to notice of acceptance of [ARD]; court reports on nonpayment of judgments; administrative duties of [DOT]; and reports by courts of record) by specifying the information which shall be indicated in a certified copy of a judgment . . . in a report by a court of record in order to facilitate the obligation of the [PennDOT] to implement 75 Pa. C.S. (relating to Vehicle Code) and other statutes administered by [PennDOT].

67 Pa. Code §81.1 (emphasis added).  Also, Section 81.4(a) provides: "The clerk of a court of record of this Commonwealth, within 10 days after final judgment of conviction . . . or other disposition of charges . . .  shall send to [PennDOT] a record of the judgment of conviction. . . or other disposition on Form DL-21."  67 Pa. Code §81.4(a).

Licensee argues the Trial Court disregarded the regulations requiring a completed DL-21 Form as required by this Court's decision in *Thorpe*, which also involved a suspension and incomplete information on the DL-21 Form.  There, the trial court sustained the licensee's appeal because the date of disposition part of the Form was omitted. Critically, this Court determined that in order for PennDOT to meet its *prima facie* burden, the DL-21 Form had to be completed in its entirety.

However, PennDOT counters that the block of the date of disposition was checked (March 20, 2019), unlike the form in *Thorpe*, rendering our decision distinguishable on its facts.  *See* Ex. 2, Suppl. R.R. at 1b.  PennDOT maintains that it met its burden of proof because the admitted exhibits show that Licensee was convicted and the disposition.

Critically, as in *Thorpe*, PennDOT's evidence in support of the suspension is comprised of a defective DL-21 Form.  In holding that PennDOT's

regulations were binding in *Thorpe*, we recognized that completion of the DL-21 Form was *essential*. *Thorpe*, 214 A.3d at 338. Further, this Court reasoned that the information required by the applicable regulations in Chapter 81 was a prerequisite for PennDOT to have the authority to suspend a license.

Applying the reasoning of *Thorpe* to the instant appeal, the DL-21**C** Form submitted at the hearing had to conform to PennDOT's regulations regarding the disposition here, ARD, in Section 81.2(b). From review of Exhibit 2, it consists of a single page. Although the citation for the violation and date of disposition (ARD) is contained on the form, there is no dispute that Section 81.2(b)(7) requires the inclusion of the terms and conditions of ARD. There are no terms and conditions included with the Form submitted here, nor is the ARD order part of Exhibit 2. Thus, Exhibit 2 does not conform to the regulations. Accordingly, PennDOT did not submit sufficient information to demonstrate the basis for the license suspension.

Further, as Licensee emphasizes, the regulations provide that PennDOT shall not process an incomplete report, and instead will return an incomplete report to the clerk of court for proper completion. 67 Pa. Code §81.2(c). PennDOT did not perform that mandatory duty in this case. In fact, it asks this Court to excuse its lack of certification of Exhibit 2 by the Bureau of Driver Licensing because it only received it on the date of hearing. *See* PennDOT's Br. at 11. Thus, it was not part of the certified packet of documents PennDOT submitted in Exhibit 1.[8]

**B. Sufficiency of Proof of Conviction**

It bears noting that PennDOT also did not certify the conviction record, and so it was not tendered as a record of the Bureau of Driver Licensing. Indeed, in

---

[8] It is troubling that the document that purportedly authorized Licensee's suspension here was not in hand, reviewed for regulatory compliance, and certified to substantiate the suspension until the date of the *de novo* hearing on the suspension. *See* PennDOT's Br. at 11. As PennDOT states in its brief, it had to update Licensee's driving record to reflect the ARD. *Id.* at 13.

8

its brief, PennDOT acknowledges that "though Exhibit 2 was not certified by the Director of the Bureau of Driving Licensing[,] [Licensee's] own evidence of her acceptance of ARD supports the conclusion that the [T]rial [C]ourt correctly denied her statutory appeal." PennDOT's Br. at 12-13 (emphasis added). Indeed, tacitly recognizing the deficiency in the proof of disposition of the charges via ARD, PennDOT asks this Court to affirm on this alternate ground. *See id.* at 15 n.8. We decline to deem the certification requirement merely a "technical rule" as PennDOT suggests,[9] particularly given the patent deficiencies in the DL-21 Form upon which the suspension was predicated as discussed above.

"An administrative agency is a creature of statute and cannot exercise powers that are not explicitly given to it by the legislature." *Mazza v. Dep't of Transp., Bureau of Driver Licensing*, 692 A.2d 251, 252 (Pa. Cmwlth. 1997). Because PennDOT is performing a purely administrative function, it has no authority to impose a suspension that is not compliant with statutory and regulatory requirements. In construing its suspension authority under Section 1532 of the Vehicle Code, we reasoned: "[PennDOT's] action must be predicated upon a proper record of conviction." *Thorpe*, 214 A.3d at 337; *see also Al-Asad v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 414 C.D. 2019, filed Mar. 2, 2021), slip op. at 7 n.8, 2021 WL 796620, at *4 n.8 (unreported)[10] (recognizing there must be proper basis to impose the suspension in the first instance, despite that

---

[9] Although PennDOT may be afforded deference in its interpretation of the Vehicle Code as the agency charged with enforcing it, this Court will not give deference to agency interpretations that are erroneous. *See Perrotta v. Dep't of Transp., Bureau of Driver Licensing*, 110 A.3d 255, 259 (Pa. Cmwlth. 2015) (*en banc*).

[10] Though it is not binding, we cite this case for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

PennDOT argued attorney's admission at the hearing may supply grounds for suspension after-the-fact).

Nevertheless, PennDOT asks this Court to affirm the Trial Court's order upholding its suspension because the evidence submitted at the hearing showed Licensee was convicted and her counsel stated on the record that she was in the ARD program. PennDOT maintains that the admission of counsel on the record is sufficient to satisfy its burden of proof. We disagree.

Notwithstanding PennDOT's request that this Court affirm the Trial Court's order on this alternate ground, the necessity for a proper conviction record is not cured by after-acquired information in the form of counsel's alleged admission of Licensee's participation in the ARD program during the *de novo* hearing. The fact remains, PennDOT imposed the suspension without the critical information regarding Licensee's conviction and disposition. Such information is a prerequisite to PennDOT taking the action that was appealed to the Trial Court.

Moreover, there is nothing in the record stating the terms or conditions of the ARD, thus constituting noncompliance with the regulations. *See* 67 Pa. Code §81.2(b)(7). Because PennDOT did not submit a proper record of Licensee's conviction, it did not meet its burden of proof, such that its suspension cannot stand.

### III. Conclusion

For the foregoing reasons, we reverse the Trial Court's order and we reinstate Licensee's operating privilege.

_____
J. ANDREW CROMPTON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexis Catherine Roche,                    :
                          Appellant         :
                                            :
          v.                                :     No.  1706 C.D. 2019
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :

# **O R D E R**

**AND NOW**, this 14th day of September 2021, the order of the Schuylkill County Court of Common Pleas is REVERSED, and the operating privilege of Alexis Catherine Roche is REINSTATED.

_____
J. ANDREW CROMPTON, Judge